UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

ROBERT DUNCAN MILLER,

*Plaintiff*.

v.

WILLIAM W. ALLEN

*Defendant*.

Case No. 5:21-cv-552

Hon.

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, ROBERT DUNCAN MILLER, by and through his attorneys, complaining of Defendant William Ward Allen, respectfully allege as follows:

## INTRODUCTION

1. Robert Duncan Miller, a lawful citizen, brings this civil action for damages Officer William W. Allen. Mr. Miller, while standing on his front lawn, was assaulted, and arrested by Officer Allen, because Plaintiff refused "to go to bed" and proclaimed that he was going to file a harassment claim against Officer Allen. Officer Allen's unlawful and unconstitutional conduct deprived Mr. Miller of his liberties and rights guaranteed by the United States Constitution.

## JURISDICTION AND VENUE

2. This is a civil rights action for relief pursuant to 42 U.S.C. § 1983 for damages, based upon the ongoing violations by Defendant of the rights secured to Plaintiff under the United States Constitution and the Texas Constitution.

3. This Court has Jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1331 (in that this action poses a federal question, as it arises under the Constitution).

4. The events that give rise to this lawsuit took place in the City of Kerrville, County of Kerr, State of Texas.

5. Venue is appropriate in the Western District of Texas pursuant to 28 U.S.C § 1391(b) since the acts providing the legal basis for this complaint occurred in the Kerrville, County of Kerr, State of Texas.

## PARTIES

6. Plaintiff, ROBERT DUNCAN MILLER ("Plaintiff" or "Mr. Miller"), is a law-abiding citizen of the United States and a resident of the City of Kerrville, County of Kerr, State of Texas.

7. Defendant Officer WILLIAM W. ALLEN ("Officer Allen"), was at all times relevant to the incidents which are the subject of this lawsuit, an officer of the Kerrville Police Department. The acts of Defendant Officer which are the subject of this lawsuit were undertaken in the regular course of his employment for Kerrville

Police Department. He is sued both individually and in his official capacity. Upon information and belief, Defendant Officer is a resident of City of Kerrville, County of Kerr, State of Texas.

## STATEMENT OF FACTS

### A. Relevant Facts Concerning Plaintiff

8. On the morning of Friday, July 19, 2019, three officers of the Kerrville Police Department were dispatched to a call at Mr. Miller's address concerning Miller's refusal to exit his then-girlfriend's vehicle.

9. Upon arrival of the three Kerrville Police Department officers, Mr. Miller was standing on his lawn. Kerrville police Officer Allen reported Miller appeared intoxicated.

10. The other two Kerrville police officers communicated with Mr. Miller, and determined no action was required. The purpose of the dispatch concluded, so two officers left the scene in accordance with proper policing practices. Despite the reason for the stop ending, Officer Allen remained parked in front of Mr. Miller's home.

11. Mr. Miller remained on his front lawn. Without any lawful basis, Sergeant Allen shined his patrol spotlight in Mr. Miller's face and ordered him "to go to bed." Mr. Miller chose to peacefully remain on his lawn.

12. Officer Allen threatened Mr. Miller with arrest for public intoxication. Mr. Miller, a private citizen without any specialized training, knew that he was not publicly intoxicated since he was on his own property. He communicated this to information to Officer Allen.

13. Mr. Miller standing on his property, informed Officer Allen he would be filing a harassment complaint on him. Officer Allen did not respond kindly to this.

14. Despite knowing that no crime had been committed, Officer Allen stepped out of his patrol vehicle, trespassed on Mr. Miller's property without a warrant, probable cause, or any aspectus of an exigent circumstance.

15. Mr. Miller was not breaking the law when he stood on his lawn and refused "to go to bed."

16. Mr. Miller, remaining on his lawn and refusing "to go to bed" was not evidence of criminal conduct.

17. Officer Allen, while ignoring training and department policy, unlawfully assaulted Mr. Miller. Officer Allen deployed his department issued oleoresin capsicum spray ("Pepper Spray") without any verbal warning or clearance warning. Mr. Miller reasonably feared for his safety and physical well-being. As a direct result of Officer Allen's assault, Miller attempted to escape from Officer Allen, but Officer Allen tackled him to the ground.

18. Officer Allen caused physical and psychological harm to Mr. Miller by pepper spraying him and then driving him to the ground with his body weight.

19. Officer Allen knew Mr. Miller did not commit any crime but arrested him anyway—without probable cause or reasonable suspicion.

20. The unlawful seizure of Mr. Miller was in violation of the First and Fourth Amendment.

21. At all times relevant, Officer Allen committed all acts described herein knowingly, recklessly, intentionally, wantonly, callously, or with deliberate indifference or gross negligence.

22. Every unlawful or unconstitutional act of Officer Allen was done despite his knowledge that he was engaging in unlawful or unconstitutional acts, but did them anyway knowingly, reckless, intentionally, wantonly, callously, and with deliberate indifference or gross negligence.

23. While placed in the back of Officer Allen's department issued patrol vehicle, Plaintiff pleaded with Officer Allen to wipe the pepper spray out of his eyes as it was impairing his vision in addition to being extremely painful.  Officer Allen refused to apply any aid to Mr. Miller.

24. Mr. Miller was charged with Resisting Arrest Search or Transport, a violation under Section 38.03(a) of the Texas Penal Code.  He spent a night in jail before posting bail.

25. This state criminal charge is pending in Kerr County.

26. Kerr County prosecutors originally dismissed the criminal charge in response to Mr. Miller filing a motion to suppress. The prosecutors, likely aware of the 2-year statute of limitation, re-filed the charge days later. The motion to suppress was reset for July 7, 2021—still within the 2-year statute of limitations. Ostensibly, the prosecutors moved for a continuance.

27. Mr. Miller, to preserve his claims arising from the unlawful acts and constitutional violations described throughout, is required to file this lawsuit now without waiting for the resolution of his criminal matter.

## COUNT I
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### (First Amendment – Retaliation for Protected Conduct)

28. Plaintiff incorporates herein all the prior allegations.

29. Mr. Miller engaged in constitutionally protected conduct of communicating to law enforcement his desire to file a harassment charge.

30. Defendant arrested Mr. Miller for exercising his First Amendment right to communicate his intent to Officer Allen.

31. In retaliation for this protected conduct, Defendant intentionally, knowingly, maliciously, recklessly, or unreasonably assaulted, detained, handcuffed, and arrested Mr. Miller without a warrant, probable cause, or any legal basis.

32. Defendant did not have any knowledge of any facts or circumstances which would lead a reasonable person to believe that Mr. Miller had committed any offense.

33. This retaliation serves as a deterrent to a person of ordinary firmness from engaging in similar protected conduct.

34. The retaliation was motivated at least in part by protected speech. When he refused "to go to bed" and verbally represented that he would file a harassment complaint, Mr. Miller was assaulted, placed in handcuffs, and sent to jail.

35. There is a causal connection between Mr. Miller's constitutionally protected conduct and the adverse retaliatory actions taken by Officer Allen.

36. Officer Allen's acts deprived Mr. Miller of the rights, privileges, and immunities guaranteed to citizens of the United States by the First and Fourteenth Amendments to the Constitution of the United States, and in violation of 42 U.S.C. § 1983.

37. As a proximate result of the illegal and unconstitutional acts of Defendant, Mr. Miller was harmed and suffered damages.

## COUNT II
## VIOLATION OF CIVIL RIGHTS UNDER U.S.C. § 1983
## (Fourth Amendment – Unlawful Arrest)

38. Plaintiff incorporates herein all prior allegations.

39. The Fourth Amendment requires police officers to possess sufficient probable cause before placing someone under arrest.

40. At all times relevant, Mr. Miller had a clearly established right to liberty, including his right to protection from unlawful seizure pursuant to the Fourth Amendment to the United States Constitution.

41. Defendant intentionally, knowingly, maliciously, reckless, or unreasonably arrested Mr. Miller without a warrant, probable cause, or any legal basis.

42. Mr. Miller was not free to do anything other than "to go to bed" so he was therefore under arrest. When he refused "to go to bed" and verbally represented that he would file a harassment complaint, Mr. Miller was assaulted, placed in handcuffs, and sent to jail.

43. Officer Allen's acts deprived Mr. Miller of the rights, privileges, and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States, and in violation of 42 U.S.C. § 1983.

44. As a proximate result of the illegal and unconstitutional acts of Defendant, Mr. Miller was harmed and suffered damages.

## COUNT III
## VIOLATION OF CIVIL RIGHTS UNDER U.S.C. § 1983
## (Fourth Amendment – False Arrest/False Imprisonment)

45.    Plaintiff incorporates herein all prior allegations.

46.    Defendant Officer willfully detained Plaintiff by spraying him in the facial and ocular areas with pepper spray, forcefully tackling him to the pavement and ordering him under arrest under the color of law simply because Plaintiff refused "to go to bed" and verbally indicated he was going to make a complaint against the officer.

47.    Plaintiff did not consent to the detainment and made known he did not consent to the detainment of his person by Defendant Officer.

48.    Defendant Officer did not have probable cause to arrest and/or detain Plaintiff.

49.    Defendant officer restrained and arrested Plaintiff without a warrant or other statutory authority.

50.    Officer Allen's acts deprived Mr. Miller of the rights, privileges, and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States, and in violation of 42 U.S.C. § 1983.

51.    As a proximate result of the illegal and unconstitutional acts of Defendant, Mr. Miller was harmed and suffered damages.

## COUNT IV
## VIOLATION OF CIVIL RIGHTS UNDER U.S.C. §1983
## (Fourteenth Amendment – Failure to Provide Medical Care)

52. Plaintiff incorporates herein all prior allegations.

53. At all relevant times, Defendant was acting under the color of State law.

54. The Fourteenth Amendment to the Unites States Constitution requires state officials to provide medical care to individuals in their custody.

55. As discussed herein, Plaintiff was injured by the force used by Defendant Officer.

56. Instead of promptly providing medical attention, Defendant Officer intentionally delayed meaning full treatment to Plaintiff after spraying him with pepper spray.

57. Defendant Officer intentionally delayed, denied, and interfered with medical treatment when Plaintiff was obviously injured.

58. Defendant's acts and omissions demonstrate deliberate indifference to Plaintiffs medical needs in violation of the Fourteenth Amendment to the Constitution and 42 U.S.C. § 1983.

59. As a proximate result of the illegal and unconstitutional acts of Defendant, Plaintiff was harmed and suffered damages for his physical, mental, emotional injury and pain, fright and shock, mental anguish, humiliation, and embarrassment.

## COUNT V
## VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
### (Fourth Amendment – Excessive Force)

60. Plaintiff incorporates herein all the prior allegations.

61. The Fourth Amendment prohibits officers from using excessive force when effectuating an arrest.

62. Mr. Miller suffered injuries as a direct result of the excessive and unnecessary force used by Officer Allen.

63. Officer Allen, without warning, pepper sprayed Mr. Miller, chased him into the garage, and then slammed him into the cement ground before violently handcuffing him.

64. Officer Allen used more physical force than necessary to effectuate the arrest.

65. Mr. Miller, standing on his lawn, did not display any threatening or aggressive behavior to necessitate the use of any force.

66. Mr. Miller had a clearly established right to be free from excessive force.

67. Officer Allen's acts deprived Mr. Miller of the rights, privileges, and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States, and in violation of 42 U.S.C. § 1983.

68. As a proximate result of the illegal and unconstitutional acts of Defendant, Mr. Miller was harmed and suffered damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Robert Duncan Miller, respectfully requests this Honorable Court enter a judgment in his favor against Officer Allen and award Plaintiff compensatory and punitive damages, to be determined by a jury, and reasonable attorney fees and costs of this action, and any such other relief as appears just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all triable issues, per Fed. R. Civ. P. 38(b).

Respectfully Submitted,

**GRABLE GRIMSHAW MORA PLLC**

*/s/ Brandon J. Grable*
**BRANDON J. GRABLE**
Texas State Bar No. 24086983
brandon@ggm.law
**AUSTIN M. REYNA**
Texas State Bar No. 24118645
austin@ggm.law
1603 Babcock Road, Suite 280
San Antonio, Texas 78229
Telephone: (210) 963-5297
Facsimile: (210) 641-3332